ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Relyant, LLC | ) ASBCA No. 59809 |
| | ) |
| Under Contract No. W91B4N-08-D-0011 | ) |

APPEARANCE FOR THE APPELLANT:       James H. Price, Esq.
                                     Lacy, Price & Wagner, PC
                                     Knoxville, TN

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                     Army Chief Trial Attorney
                                     MAJ Jason W. Allen, JA
                                     Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE PROUTY ON APPELLANT'S
MOTION FOR PARTIAL RECONSIDERATION

In our opinion, dated June 27, 2018, we granted appellant, Relyant, LLC (Relyant) partial relief for its claims. *See Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,085. In particular, we held that delays in responding to Relyant's request for a modification to the above-captioned contract's statement of work (SOW) to allow a "sandwich panel" wall for relocatable buildings (RLBs), in the particular circumstances presented here, constituted a breach of the duty of good faith and fair dealing and that damages should be calculated based upon the premise that the decision should have been made by May 1, 2009. *Id.* at 180,539-40. One important consequence of the May 1 date was that we did not hold the government responsible for the transshipment of RLB "cans" that had already been sent from Turkey to Bagram Air Base (Bagram) due to the greater need there, instead of Forward Operating Base Sharana (Sharana) where, it would turn out, they were tacitly accepted. *Id.* at 180,540.

Relyant timely moves for partial reconsideration on two grounds: first, it argues that the government's demands prior to May 1, 2009, to ship the RLB cans to Bagram, instead of Sharana in the first instance, constituted a breach of the duty of good faith and fair dealing, thus making the government responsible for its shipping the cans from Bagram to Sharana when they were not accepted at Bagram (app. mot. at 3). Second, Relyant argues that half of the cans sent to Bagram had not yet arrived on May 1, thus they could have been shipped to Sharana at no extra cost, making the government liable for half the transshipment cost of $381,875, i.e., $190,937.50 (*id.* at 3-4). The government opposes Relyant's motion and, for the reasons set forth below, we deny it.

It is well established that a motion for reconsideration is not the place to present arguments previously made and rejected. "[W]here litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Moreover, "[m]otions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (citations omitted); *see also Avant Assessment, LLC,* ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. On the other hand, if we have made mistakes in the findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. *See Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911; *L&C Europa Contracting Co.*, ASBCA No. 52617, 04-2 BCA ¶ 32,708. In short, if we have made a genuine oversight that affects the outcome of the appeal, we will remedy it. Here, no such mistake has been identified.

With respect to Relyant's first basis for reconsideration, we may deny it out of hand for the simple reason that Relyant never argued that the government's urging it to expedite its sending of RLB cans to Bagram was a breach of the duty of good faith and fair dealing. Moreover, even if it had been argued, we do not see how the government's understandable urging of Relyant to prioritize one delivery order over another can be seen as a breach of its duties to the contractor: it did not interfere with Relyant's reasonable expectations in the contract nor did the government's actions conflict with the parties' contractual intent. *See Relyant*, 18-1 BCA ¶ 37,085 at 180,539 (citing, *inter alia, Metcalf Constr. Co. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014); *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2005)).

Relyant's second basis for reconsideration is not as plainly an argument that it should have made earlier because Relyant may be excused for not anticipating the May 1 breach date. Nevertheless, it fails because the damages that it seeks are speculative and contra-indicated by the evidence. Relyant's theory (resting upon no testimony or documentary evidence) posits that, if the government had rejected its request to amend the SOW by May 1, it would have changed the destination of the RLB cans (which had been in transit from Turkey for almost two weeks by then) from Bagram to Sharana, where they would have been acceptable (app. mot. at 5). But on May 1 there was no reason for Relyant to believe that the cans with the sandwich panel walls would be any more acceptable at Sharana than at Bagram (the First Article Test in which the Sharana staff, *sub silentio*, allowed the sandwich panels), in deviation from the SOW, was only concluded in the second half of August 2009. *Relyant*, 18-1 BCA ¶ 37,085 at 180,530. Thus, it is highly unlikely that Relyant managers would have made such a change in destination. Moreover, Relyant has presented no evidence that it would even have been possible to change the destination of the cans in the middle of shipment or that fully half the cans were still in transit on May 1.

2

One matter raised by Relyant at trial, but inexplicably overlooked in its motion, is that it was more expensive to ship cans from Turkey to Sharana than it was to ship them from Turkey to Bagram. *Relyant*, 18-1 BCA ¶ 37,085 at 180,541 n.9. Presumably, then, even if Relyant had had the foresight to immediately contact its shipper on May 1, 2009, and had been able to redirect the entire en-route shipment from Bagram to Sharana, the price would have gone up. How much exactly, we do not know.

Thus, the notion that Relyant would have been able to limit its transshipment costs if the government had acted on or before May 1, 2009, is speculative at best and, in fact, unlikely. It is not a basis for relief under a motion for reconsideration.

## CONCLUSION

Relyant's motion for partial reconsideration is denied.

Dated: September 20, 2018

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59809, Appeal of Relyant, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
